576 S.W.2d 904 (1978)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BRECKENRIDGE, TEXAS, Appellant,
v.
L. Alvis VANDYGRIFF, Savings and Loan Commissioner of Texas, et al., Appellees.
No. 12870.
Court of Civil Appeals of Texas, Austin.
January 24, 1979.
Rehearing Denied February 21, 1979.
*905 Robert B. Burns, Jr., John J. McKay, Austin, for appellant.
John L. Hill, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Austin, for L. Alvis Vandygriff.
Larry E. Temple, Austin, for Graham Sav. & Loan Assn.
SHANNON, Justice.
Appellee, Graham Savings and Loan Association, filed an application with the Savings and Loan Commissioner of Texas to establish a branch office in Breckenridge, Stephens County, Texas. The Commissioner, after hearing, entered an order approving the application.
Appellant, First Federal Savings and Loan Association of Breckenridge, Texas, one of three protestants before the Commissioner, filed suit in the district court of Travis County to set aside the Commissioner's order. The Commissioner and Graham filed answers in which they questioned, by special exception, the jurisdiction of the district court to entertain the cause for the reason that First Federal did not file a motion for rehearing with the Commissioner.[1] After hearing, the district court entered *906 an order dismissing appellant's cause for want of jurisdiction.
In defense of that judgment, appellees Graham Savings and the Commissioner rely upon the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252-13a (Supp.1978). The relevant provisions of that Act relating to appeals from administrative orders are set out below:
"Sec. 16(c) A decision is final, in the absence of a timely motion for rehearing...
* * * * * *
"(e) Except as provided in Subsection (c) of this section [not applicable], a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order..." (Emphasis added)
First Federal never filed a motion for rehearing with the Commissioner. Because the filing of a motion for rehearing is a prerequisite to an appeal of the Commissioner's order to district court under the Act, the district court properly dismissed First Federal's administrative appeal for want of jurisdiction. Texas State Board of Pharmacy v. Kittman, 550 S.W.2d 104 (Tex. Civ.App.1977, no writ); Hurlbut v. State Board of Insurance, 555 S.W.2d 180 (Tex. Civ.App.1977, no writ); Tex. Alcoholic Bev. Commission v. Lancaster, 563 S.W.2d 380 (Tex.Civ.App.1978, no writ); Mahon v. Vandygriff, Docket No. 12,905, Tex.Civ.App. Austin, Jan. 10, 1979 (not yet reported).
First Federal claims that its suit in district court was not only an administrative appeal, but also was a proceeding in equity to set aside the administrative order. First Federal claims that Graham Savings practiced extrinsic fraud "... in connection with its application for a branch office..." before the Commissioner. For that reason, First Federal argues that the district court should have considered and passed on its contentions of fraud or, alternatively, the district court should have remanded the cause to the Commissioner to receive additional evidence pursuant to art. 6252-13a, § 19(d)(2).
A judgment obtained by extrinsic fraud may be vacated by a court of equity. U. S. v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878); Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940); State v. Wright, 56 S.W.2d 950 (Tex.Civ.App.1933, no writ); 3 Freeman, Judgments, §§ 1231, 1233 (5th ed. 1925). Generally, the mode for obtaining equitable relief from a judgment obtained by extrinsic fraud is by bill of review. See Crouch v. McGaw, supra. Appellant claims that the rule applicable to judgments pertains likewise to administrative orders. There is general authority to support appellant's position. "Fraud vitiates even the most solemn judicial proceedings, at least to such extent as to render them subject to attack in a court of equity, and likewise vitiates the proceedings of any administrative tribunal created for the purpose of determining the rights of parties, whether committed by the administrative agency itself or by one of the parties to the administrative proceedings, at least where no method of direct review is available." 2 Am. Jur.2d Administrative Law § 492 (1962).
We have found no case in Texas where an administrative order obtained by extrinsic fraud was vacated by a court of equity. Nothing in the Administrative Procedure and Texas Register Act contemplates such action. Even so, the Supreme Court has recognized the maxim that equity will not suffer a right to be without a remedy. Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801 (1956); Miers v. Brouse, 153 Tex. 511, 271 S.W.2d 419 (1954). This Court has considered, in general, the equitable powers of the district court in the review of administrative proceedings in First Savings & Loan Ass'n. of Del Rio, Tex. v. Lewis, 512 S.W.2d 62 (Tex.Civ.App.1974, writ ref'd n. r. e.). ["The jurisdiction to review the orders of the Commissioner is vested in the district court of Travis County, a court with equitable powers. And *907 though the district court must act within the bounds of the statute, it may draw upon its general equity powers and adjust its relief to the exigencies of the case in accordance with equitable principles governing judicial action."] Since a court of equity may vacate a judgment for extrinsic fraud, surely that court may vacate an administrative order for extrinsic fraud. We have concluded that the district court, sitting as a court of equity, is empowered to set aside an administrative order obtained by extrinsic fraud.
Appellant's claim of extrinsic fraud is based upon the following pleaded facts. After the Commissioner granted Graham's application for a branch office, Graham, pursuant to agency rules, filed application with the Commissioner to change the street location of its newly acquired branch office. In response, First Federal filed a protest with the Commissioner to the proposed change.
First Federal also amended its petition in the district court suit to complain of the proposed site change. Appellant complained that Graham had never intended to remain at the original location approved by the Commissioner, but instead had planned, upon approval of the branch, to apply for a change of location more competitive with appellant. First Federal did not learn of Graham's intention until more than fifteen days after the entry of the Commissioner's order. According to First Federal, the agency rules permitting a change of office location for a branch are less stringent than are the rules governing the original establishment of a branch. First Federal maintains that Graham was attempting to obtain a branch office at the second location where it probably could not have met the heavier burden had it initially applied for its branch office at that site.
Appellees' brief asserts that subsequent to the district court's dismissal of the administrative appeal, the Commissioner, after hearing, granted Graham's application for change of location. First Federal filed an administrative appeal of that order asserting the above fraud argument as one ground for invalidation of the order. That suit is presently pending in district court.
First Federal's pleading, viewed most favorably to the pleader, Gulf, Colorado & Santa Fe Railway Co. v. Bliss, 368 S.W.2d 594 (Tex.1963), does not show extrinsic fraud. As the Supreme Court wrote in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950):
"Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will entitle a complainant to relief because it is a wrongful act committed `by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert. `Intrinsic fraud' in the procurement of a judgment is not ground, however, for vacating such judgment in an independent suit brought for that purpose. And within that term is included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed.'" (Emphasis supplied by Supreme Court)
Graham applied to establish a branch office at one location in Breckenridge. Graham did nothing to prevent First Federal from fully presenting its opposition to the application. First Federal pleaded that Graham acted in bad faith because it failed to reveal any plan or intent to seek a later relocation to a different site seven blocks away. Taking First Federal's pleading to be true, Graham's intent to try to relocate later does not constitute extrinsic fraud. All that Graham sought at the Commissioner's hearing was permission to establish a branch office at 1116 West Walker Street. The only authorization granted by the Commissioner was the right to establish a *908 branch at that place. Even if Graham harbored the intent to try to relocate some seven blocks away at a later time, it could not do so except in accordance with the rules of the Savings and Loan Department. Those rules required a new application and a new hearing which could be, and as we understand, was contested by First Federal.
The district court dismissed the administrative appeal for want of jurisdiction for the reason that no motion for rehearing was filed to the Commissioner's order. We affirm that part of the judgment. We have held that the district court had the authority to entertain First Federal's claim that the administrative order should be set aside for extrinsic fraud. We also have held on appeal that First Federal's pleading did not state extrinsic fraud. We are of the opinion, however, that First Federal is entitled to an opportunity to replead extrinsic fraud, if it can. See Texas Department of Corrections v. Herring, 513 S.W.2d 6 (Tex.1974). We remand the cause of action in equity to the district court. If First Federal repleads and still fails to state extrinsic fraud, then the district court may dismiss the cause upon special exception.
Affirmed in Part and Reversed and Remanded in Part.
NOTES
[1] The preferable method to question jurisdiction is by plea to the jurisdiction rather than by special exception. Appellant made no complaint of the use of special exceptions.