**DOW CHEMICAL CO., Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS et al., Appellees.**

**No. 8463.**

Court of Civil Appeals of Texas, Beaumont.

June 5, 1980.

Rehearing Denied July 3, 1980.

1. The first paragraph of the instrument began: "Comes now Intervenor, The Dow Chemical

Michael G. Shirley, Texas City, for appellant.

Mark White, Atty. Gen. of Texas, Martha Terry, Asst. Atty. Gen., Robert G. Hearon, Austin, William R. Brown, Houston, for appellees.

KEITH, Justice.

The appeal is from a final judgment in the District Court of Travis County which dismissed an appeal from a final order of the Public Utility Commission. We affirm for the reasons now to be stated.

Dow Chemical Company ("Dow") filed suit in the district court in the nature of an appeal under Section 19 of the Administrative Procedure and Texas Register Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1980)* "APA") from an administrative proceeding and order of the Public Utility Commission of Texas ("Commission") fixing electric utility rates chargeable by Houston Lighting and Power Company ("HL&P") to its various classes of customers.

The proceeding before the Commission was under Docket 2001, a consideration of the application of HL&P to increase electric utility rates, and Dow was an intervenor and participated in such capacity. On November 20, 1978, the Commission entered its final order which was amended, nunc pro tunc, on December 5, 1978. The Commission order required HL&P to file a revised tariff and this was done on November 29. On December 4, Dow filed a document which it styled "Disagreement with the Revised Tariff by the Dow Chemical Company." [1] The next day the Commission issued

Company (Dow), to express disagreement with the revised tariff filed by Houston Lighting &

its nunc pro tunc order but Dow never at any time thereafter filed any instrument entitled or styled "Motion for Rehearing." All motions for rehearing, filed by *other* participants, were overruled by order dated January 17, 1979.

Dow filed its original petition in the trial court on February 15, 1979, and the Commission immediately filed its plea to the jurisdiction and motion to dismiss and HL&P filed its motion to dismiss. The trial court concluded that Dow's "disagreement" with the tariff did not constitute a motion for rehearing, granted the motions of the Commission and HL&P, and dismissed the cause upon the sole ground that Dow had not perfected its appeal.

Under our review of the record, we pass only upon Dow's first two points of error: (A) Its "disagreement" constituted a motion for rehearing, and (B) "Such motion for rehearing was timely filed" because the Commission's nunc pro tunc order did not amend the original final order "in respect to any matter applicable to Dow's motion for rehearing."

Two provisions of *APA, Section 16(c) and (e)*[2] relate to the finality of orders and the filing of motions for rehearing. Dow argues that its "disagreement" with the tariff constituted a motion for rehearing but the trial court disagreed, thus, we reach the sole point for decision.

█ It has long been the rule in this State that the misnomer of a pleading does not change its nature. See, e. g., *St. Louis Southwestern Railway Co. v. Duke*, 424 S.W.2d 896, 899 (Tex.1967); *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967); *Gehrke v. State*, 363 S.W.2d

490, 491 (Tex.Civ.App.—San Antonio 1962, writ ref'd); *Tex.R.Civ.P. 71.* But, it is equally well settled that "the legal effect of a pleading is not determined by its style or name, but by its contentions and evident purpose." *Emmons v. Creditor's Financial Services*, 492 S.W.2d 363, 366 (Tex.Civ.App. —Waco 1973, no writ); *Transceiver Corp. of America v. Ring Around Products, Inc.*, 581 S.W.2d 712, 714 (Tex.Civ.App.—Dallas 1979, original proceedings). See also, *Susanoil, Inc. v. Continental Oil Co.*, 516 S.W.2d 260, 263, fn. 4 (Tex.Civ.App.—San Antonio 1973, no writ), and *Mercer v. Band*, 454 S.W.2d 833, 836 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

In the last case cited, the Court noted: "A motion's substance is to be gleaned from the body of the instrument and its prayer for relief."

In making application of the rules recognized earlier, we note that the Commission directed the intervenors to notify the Commission in writing "of any *disagreements* with the revised tariff [to be filed by HL&P] within five (5) days after receipt thereof." (emphasis supplied) And, we note that Dow timely filed an instrument which was properly styled as its "disagreement" with the tariff so filed by HL&P. The entire thrust of the "disagreement" was to complain of the proposed tariff as it affected Dow.

█ The only relief Dow sought in the "disagreement" was that the Commission reject the proposed tariff and require HL&P to file a new one. It is to be noted that the pleading did not request a rehearing or relitigation or complain of any erroneous fact findings. It did not ask for a

---

Power Company (Company) on the grounds that the net return to Company from the Dow Contract for Firm and Interruptible Service is erroneously inflated over and above that allowed by this Commission's Final Order by $3,937,492.

[Followed by seven pages of material with this conclusion:]

"For the reasons above stated, Intervenor Dow respectfully urges *that the revised Dow tariff be rejected and that Company be ordered to file an amended tariff to conform herewith.*"

2. *Sec. 16(c)*: "A decision is final, in the absence of a timely motion for rehearing, or the expiration of the period for filing a motion for rehearing . . . ."

*Sec. 16(e)*: "Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order. . . ."

rehearing on any issue determined by the Commission. We now hold, in accord with the cases mentioned earlier, that the "disagreement" was not a motion for rehearing as required by *Sec. 16(e) of APA*, consequently, the trial court properly sustained the motions to dismiss the attempted appeal.

HL&P offers another and additional reason for the affirmation of the order of dismissal. Pointing to Finding of Fact No. 3 by the trial court,[3] it argues that the plain language of *Sec. 16(e)* requires the filing of the motion for rehearing *after* the date of the final rendition, and "the statute means what it says." It cites and relies upon *Mahon v. Vandygriff*, 578 S.W.2d 144 (Tex. Civ.App.—Austin 1979, writ ref'd n.r.e.). There is yet stronger authority for so holding.

In *First Federal Savings & Loan Ass'n v. Vandygriff*, 576 S.W.2d 904, 906 (Tex.Civ. App.—Austin 1979), the Austin Court again held that the filing of a motion for rehearing was a prerequisite to an appeal from an administrative agency, citing *Mahon v. Vandygriff*, supra, then an unreported case. The Supreme Court took jurisdiction of the *First Federal Case*, supra, and, under *Tex. R.Civ.P. 483*, by a per curiam opinion, held:

> "The trial court properly dismissed the administrative appeal cause of action because no motion for rehearing was filed before the Commission and such motion is by statute a jurisdictional prerequisite for an administrative appeal."

*Vandergriff v. First Federal Savings & Loan Ass'n*, 586 S.W.2d 841, 842 (Tex.1979).

We overrule Dow's subpoints A and B and affirm the judgment of the trial court. We do not reach nor do we express any opinion as to the substantive points brought forward by Dow.

AFFIRMED.

---

**3.** Finding of Fact No. 3: "Dow at no time [after December 6, 1978] filed any further document with the Commission or in any way asked the Commission to rehear or reconsider its action in approving the HL&P tariff."