M & M CONSTRUCTION COMPANY, INC., Appellant,

v.

GREAT AMERICAN INSURANCE COMPANY, Appellee.

No. 13–87–097–CV.

Court of Appeals of Texas, Corpus Christi.

March 24, 1988.

Rehearing Denied April 28, 1988.

Rehearing Dismissed May 19, 1988.

Glynn A. Pugh, Corpus Christi, for appellant.

Timothy P. Dowling, Gary, Thomasson, Hall and Marks, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment rendered in favor of appellee, Great American Insurance Company (Great American). The trial court granted Great American's motion for summary judgment based upon the forfeiture of appellant's corporate charter.

In November 1985, appellant, M & M Construction Company, Incorporated, (M & M), filed suit against Great American. Thereafter, M & M failed to pay its franchise taxes. As a result, its corporate charter was forfeited in July 1986.

In its motion for summary judgment, Great American alleged that M & M's suit was barred by Tex.Tax Code Ann. § 171.252 (Vernon 1982), which provides that a corporation whose privileges have been forfeited for nonpayment of franchise taxes shall be denied the right to sue in the courts of this state. Great American attached to its motion a certified copy of the forfeiture of appellant's corporate charter from the Secretary of State's office.

■ M & M neglected to file a timely response prior to the hearing set on Great American's motion for summary judgment as required by Tex.R.Civ.P. 166A(c). Rule 166A(c) requires an opposing party to file a response to a motion for summary judgment *not later than seven days* prior to the hearing set on the motion. If a non-movant wishes to have a late response accepted and considered by the trial court, it must first obtain leave of court to file a late response. Also, there must be some affirmative indication in the record that the trial court permitted the late filing of the response. *Energo International Corp. v. Modern Industrial Heating, Inc.*, 722 S.W.

2d 149, 151–52 (Tex.App.—Dallas 1986, no writ); *Yates v. Equitable General Insurance Co.*, 672 S.W.2d 822, 827 (Tex.App.—Houston [1st Dist.] 1984), *aff'd*, 684 S.W.2d 669 (Tex.1984); Tex.R.Civ.P. 166A(c).

■ In the instant case, M & M filed its response to the motion for summary judgment the day before the hearing. There is no indication in the record that M & M obtained or even attempted to obtain leave of court to file its late response. Since the trial court did not expressly assent to the late filing, M & M's untimely response was not properly before the court at the hearing on the motion for summary judgment. *Energo*, 722 S.W.2d at 151. Consequently, all that M & M can attack on appeal is the legal sufficiency of the grounds expressly raised by Great American in its motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *see also, Meyer v. Kupatt*, 549 S.W.2d 263, 265 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

On appeal, M & M complains that the trial court erred in not recognizing its stockholders as qualified to continue the suit against Great American and that the trial court misapplied the Texas Tax Code. M & M also argues that a summary judgment is not the proper method by which to challenge its capacity to sue.

■ We acknowledge the general rule that in order to contest a plaintiff's capacity to sue, an objection must be made by a plea in abatement at the trial court. *Bluebonnet Farms, Inc. v. Gibraltar Savings Association*, 618 S.W.2d 81, 83 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Rimco Enterprises v. Texas Electric Service Co.*, 599 S.W.2d 362, 365 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). However, M & M was charged with the duty of expressly presenting to the trial court any reasons for avoiding Great American's right to a summary judgment in writing at least seven days prior to the hearing. Having failed to do so, M & M's objections to the summary judgment cannot be raised for the first time on appeal. *City of Houston*, 589 S.W.2d at 677.

**528**

Appellant's points of error are overruled. Appellee's request for damages pursuant to Tex.R.App.P. 84 is denied. The judgment of the trial court is AFFIRMED.