Carl CHERRY, Appellant,

v.

NORTH AMERICAN LLOYDS OF TEXAS, Appellee.

No. 01–88–00203–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1989.

Rehearing Denied April 27, 1989.

R.R. Rainosek, Houston, for appellant.

Alice M. Giessel, Richard S. Joseph, Jr., of Giessel, Stone, Barker & Lyman, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

O'CONNOR, Justice.

Plaintiff appeals from a summary judgment based on deemed admissions. He claims the trial court should have considered his answers to the requests for admissions before it entered the summary judgment.

Reversal requires two rulings by this Court: (1) plaintiff served his answers to the answers to the requests for admissions on time; and (2) the trial court should not have granted the motion for summary judgment. We cannot make either ruling.

## I. *The Deemed Admissions.*

■ Plaintiff claims he served[*] his answers on time because he mailed them to defendant within 33 days of the day *he received* the requests for admissions. Plaintiff misreads the rules of civil procedure.

Tex.R.Civ.P. 169 says a party must serve written answers or objections to the requests on the party serving the requests within 30 days from service, or the requests are deemed admitted. When a party receives a document served by U.S. mail, Tex.R.Civ.P. 21a adds three days, counting from the date the document was mailed, to respond. Rule 21a says service by mail is complete when a party deposits the document in a properly addressed, postpaid envelope with the U.S. Postal Service.

The rules authorized plaintiff to serve his response 33 days *from the date defendant mailed the requests to him.* The rules did not authorize plaintiff to serve his response 33 days *from the date he received the requests.*

Defendant mailed requests for admissions to plaintiff on August 26, 1987, and plaintiff received them the next day. Plaintiff served his answers on defendant on September 29. Thirty-three days from August 26 was September 28. Plaintiff's answers were due by September 28, thirty-three days from the date defendant mailed them to plaintiff. Plaintiff served his answers one day late.

On September 28, the day the answers or objections were due, the requests for admissions were deemed admitted. *Barker v. Harrison,* 752 S.W.2d 154, 155 (Tex.App.—Houston [1st Dist.] 1988, writ dism'd w.o. j.); Tex.R.Civ.P. 169.

Plaintiff complains the trial court denied his oral motion to extend the time to serve answers to the requests for admissions. If plaintiff made such a motion, there is no evidence of it or the trial court's ruling on it in the record. It is appellant's burden to present us with a "sufficient record ... to show error requiring reversal." Tex.R. App.P. 50(d).

Once the admissions were deemed answered against him, plaintiff's only remedy was to file a motion with the trial court to withdraw or amend the admissions. Rule 169(2) provides:

> [a]ny matter admitted under this rule is conclusively established as to the party making the admission unless the court *on motion* permits withdrawal or amendment of the admissions. [Emphasis added.]

The trial court can set aside the deemed answers if the party proves he had good cause for filing late answers. *Curry v. Clayton,* 715 S.W.2d 77, 79 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Plaintiff did not file a motion to withdraw or amend the deemed admissions.

## II. *The Motion for Summary Judgment.*

■ Defendant filed a motion for summary judgment on October 7, 1987, relying on a sworn copy of the insurance policy and

---

[*] In plaintiff's point of error, he complains he "filed" the response to the requests for admissions on time. Rule 169 requires plaintiff to *serve* the response on defendant within the prescribed time, not file them with the trial court.

Because plaintiff filed the response the same day he served the answers on defendant, we will interpret his point of error as stating he "served" them on time, instead of "filed."

the deemed admissions. One day before the hearing on defendant's motion, plaintiff filed a response to the motion for summary judgment and attached the affidavit of the secretary for plaintiff's counsel. In the affidavit, the secretary said defense counsel agreed that plaintiff could serve late answers to the requests for admissions.

The trial court could have refused to consider plaintiff's response on either of two grounds. First, Tex.R.Civ.P. 166a(c) requires a party to file the response to a motion for summary judgment at least seven days before the day of the hearing. *M & M Constr. Co. v. Great Am. Ins. Co.,* 749 S.W.2d 526, 527 (Tex.App.—Corpus Christi 1988, writ dism'd w.o.j.) There is nothing in the record that shows the trial court granted plaintiff permission to file a late response to the motion for summary judgment. The trial court, therefore, could not consider anything in the response.

Second, Rule 169 prohibits a party from using evidence to contradict deemed admissions. *Reyes v. International Metals Supply Co.,* 666 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1984, no writ); 2 R. McDonald, *Texas Civil Practice in District & County Courts,* sec. 10.09 (1982). The trial court could not consider the secretary's affidavit to contradict the deemed admissions. The only evidence before the trial court at the hearing on the motion for summary judgment, therefore, was the deemed admissions and the sworn copy of the insurance policy.

■ Summary judgment is proper when there is no genuine issue of material fact, and the movant shows he is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). Movant must prove both. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing the evidence, this Court must take evidence favorable to plaintiff here as true and resolve any doubts in his favor. *Id.*

In the motion for summary judgment, defendant said two provisions in the insurance policy barred plaintiff's claim. The first precluded liability on the policy if the insured building was vacant for 30 consecutive days. The second required the insured

party to present sworn proof of loss to defendant within 91 days of the loss. The deemed admissions substantiate both provisions.

Defendant sustained its burden of showing there was no material fact issue, and, as a matter of law, it was entitled to judgment. Tex.R.Civ.P. 166a.

We overrule plaintiff's point of error and affirm the judgment of the trial court.

## OPINION ON MOTION FOR REHEARING

Plaintiff filed a motion for rehearing asking this Court to consider the response he filed to the summary judgment as a motion to set aside the deemed admissions. Plaintiff relies on Tex.R.Civ.P. 1 and 71.

Under the misnomer of pleadings rule, Tex.R.Civ.P. 71, when a party mistakenly designates a pleading, the court may, if justice requires, treat it as a correctly named motion. An incorrect title to a pleading does not change the nature of the pleading. *Dow Chem. Co. v. Public Util. Comm'n of Texas,* 601 S.W.2d 506, 507 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.) To determine what the pleading is, we look at the relief the party requests. *State Bar of Texas v. Heard,* 603 S.W.2d 829, 833 (Tex.1980).

After examining plaintiff's response to the motion for summary judgment, we conclude we are not able to consider it as a motion to set aside deemed admissions. Nowhere in the motion did plaintiff ask the trial court to withdraw or set aside the admissions. In the prayer to the motion, plaintiff merely asked for costs and attorney's fees for the motion for summary judgment.

We overrule plaintiff's motion for rehearing.