TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00555-CV







David P. Luna, Appellant




v.




State of Texas; City of Houston, Texas; and Transit Authority of


Houston, Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-08290, HONORABLE PETER M. LOWRY, JUDGE PRESIDING 






PER CURIAM

 This is an appeal of a summary judgment in favor of appellees the State of Texas, City of
Houston, Texas, and Transit Authority of Houston (collectively referred to as the "State") based on deemed
admissions. The State sought recovery of sales taxes allegedly due from DDC, Inc., f/d/b/a Crossmark,
a corporate entity, and from appellant David P. Luna as an officer and director of DDC. (1) Luna complains
that the district court abused its discretion in refusing to grant his motion to withdraw the deemed
admissions. Luna also objects to the court's granting summary judgment based on the admissions. We
will affirm the judgment of the district court.


PROCEDURAL HISTORY


 The State sued DDC, a corporate taxpayer and David P. Luna, an officer and director of
the corporation for unpaid taxes, penalties, and interest totaling $50,609.57 in addition to attorney fees. 
Tex. Tax Code Ann. § 111.010 (West 1992). In support of Luna's individual liability, the State relies on
two alternative theories of liability: (1) common law conversion; and (2) statutory liability under section
111.016 of the Tax Code. In November 1995, the State filed a motion for summary judgment against
DDC and Luna. Luna filed a response and an affidavit opposing the motion. The hearing was passed on
the State's motion. On February 1, 1996, the district court entered an interlocutory default judgment
against DDC.

 In March 1996, the State served requests for admissions on Luna. When Luna failed to
answer the request for admissions or move for more time to answer, the admissions were deemed admitted
by operation of Texas Rule of Civil Procedure 169. In June, the State once again sought summary
judgment. This second motion was based in part upon the deemed admissions of Luna. Luna filed a
motion to withdraw the admissions and to substitute his late responses. At a hearing on July 25, 1996, the
district court granted the State's motion for summary judgment and denied Luna's motion to withdraw the
deemed admissions. Further, the court entered an order striking the affidavit that Luna had filed in response
to the first summary judgment motion.


ANALYSIS


Withdrawing the Deemed Admissions

 In his first two points of error, Luna asserts that the district court erred in denying his motion
to withdraw the deemed admissions because he demonstrated "good cause" for his failure to timely respond
and that the court abused its discretion by failing to provide a basis for the denial.

 Texas Rule of Civil Procedure 169 governs requests for admissions. After thirty days from
the date of service, and in the absence of a motion to extend time for filing a response, the admissions are
automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem the
admissions admitted. Curry v. Clayton, 715 S.W.2d 77, 79 (Tex. App.--Dallas 1986, no writ); Tex.
R. Civ. P. 169. However, the trial court has broad discretion to permit or deny the withdrawal of deemed
admissions when the nonanswering party presents sufficient evidence to establish "good cause" for his
failure to make timely answers to the requested admissions. (2) Boone v. Texas Employers' Ins. Ass'n, 790
S.W.2d 683, 688 (Tex. App.--Tyler 1990, no writ). In exercising this discretion, the court must also find
that the withdrawal can be ordered without causing undue prejudice to the party relying on the admissions
and that the presentation of the merits of the action will be served by the withdrawal. Id. at 688; see Tex.
R. Civ. P. 169(2). An abuse of discretion occurs when a court acts without reference to guiding rules or
principles or acts arbitrarily or unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241 (Tex. 1985); Fibreboard Corp. v. Pool, 813 S.W.2d 658, 683 (Tex. App.--Texarkana 1991,
writ denied). We will set aside the decision of the trial court only if, after searching the record, it is clear
that the court abused its discretion. Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793, 795
(Tex. 1987); North River Ins. Co. v. Greene, 824 S.W.2d 697, 700 (Tex. App.--El Paso 1992, writ
denied).

 In the instant case, the State filed and served a request for admissions on March 28, 1996,
for David P. Luna, by and through his attorney of record. Counsel for Luna contends that due to a clerical
error "discovery served by the State was not date stamped when received" in his office. On July 25, 1996,
eighty-seven days after the thirty-day reply period had expired, and one day after the State filed its second
motion for summary judgment, Luna filed his responses. Because the responses were filed late, the
requested admissions were automatically deemed admitted. See Curry, 715 S.W.2d at 79; Tex. R. Civ.
P. 169. The day before filing his responses, Luna filed a motion to withdraw the deemed admissions. The
record shows that the district court held a hearing on the State's motion for summary judgment on July 25,
1996, at which time Luna's attorney appeared. Thereafter the trial court granted summary judgment in
favor of the State.

 Because he brings no statement of facts of the hearing held on July 25, 1996, Luna is not
entitled to rely on the evidence presented at such hearing to prove that the district court committed a clear
abuse of discretion. Tex. R. App. P. 50(d); Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d
86, 89 (Tex. App.--Houston [14th Dist.] 1992, writ denied); Cherry v. North Am. Lloyds of Texas, 770
S.W.2d 4, 5 (Tex. App.--Houston [1st Dist.] 1989, writ denied). Moreover, Luna's motion to withdraw
the admissions fails to state "good cause" for his failure to answer timely. If in fact Luna did move at the
summary judgment hearing to withdraw the admissions, it was incumbent upon him to present evidence that
(1) he had good cause for not serving the plaintiffs' attorney with answers to the requests for admissions,
(2) the withdrawal of the deemed admissions would not unduly prejudice the other side, and (3) the
presentation of the merits would be served by such withdrawal. Tex. R. Civ. P. 169(2). Without having
any such evidence, we cannot say that the trial court abused its discretion in refusing to withdraw the
deemed admissions. We must presume that the evidence before the trial court was adequate to support
its decision. In The Matter of A.R.A., 898 S.W.2d 14, 16 (Tex. App.--Austin 1995, no writ); see
Ramsey v. Criswell, 850 S.W.2d 258, 260 (Tex. App.--Texarkana 1993, no writ). Consequently, we
overrule appellant's first and second points of error.


Motion for Summary Judgment

 In his third and fourth points of error, Luna argues that the trial court erred in granting the
summary judgment because the State failed to demonstrate that it was entitled to judgment as a matter of
law and because a genuine issue of material fact existed on the issue of Luna's individual liability.

 To obtain summary judgment, the State must prove that there is no material issue of fact
as to its cause of action and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In reviewing the granting of summary
judgment, we must take as true all evidence favorable to the non-movant, Luna, and resolve any doubt and
indulge every reasonable inference in his favor. Id. See also Bayouth v. Lion Oil Co., 671 S.W.2d 867,
868 (Tex. 1984). Furthermore, since the State has advanced two alternative theories of individual liability,
and the district court has not specified on which ground the summary judgment was granted, we must affirm
if either of the movant's grounds will support the judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1970); N.S. Sportswear, Inc. v. State, 819 S.W.2d 230, 232 (Tex. App.--Austin 1991,
no writ).

 In support of its motion, the State offered the comptroller's certificates of tax delinquency,
Luna's deemed admissions, and the State's affidavit establishing attorney fees. In response, Luna filed a
motion to withdraw the deemed admissions. His motion referenced an affidavit filed earlier in the course
of the same litigation. Luna attached his responses to the requests for admission as an exhibit to his motion. 
The district court granted the State's motion, holding both defendants jointly and severally liable for the full
amount of the corporate tax liability set forth in the comptroller's certificates.

 The State claims that the comptroller's certificates of delinquency established the amount
of tax liability. Section 111.013 of the Tax Code provides that these certificates, when admitted, are prima
facie evidence of their contents. Tex. Tax Code Ann. § 111.013 (West 1992). If unrebutted, they are
sufficient to establish as a matter of law, the amount the taxpayer owes. Baker v. Bullock, 529 S.W.2d
279 (Tex. Civ. App.--Austin 1975, writ ref'd n.r.e.). The district court rendered judgment against DDC
in the amount stated in the comptroller's certificates and DDC does not complain of that fact on appeal. 
These certificates alone are not sufficient, however, to establish the amount of Luna's individual liability on
either of the State's theories. See N. S. Sportswear, Inc., 819 S.W.2d at 232. We will consider the
State's theories of Luna's individual liability.


Common-Law Liability

 Conversion & Breach of Fiduciary Duty

 The State's first theory is that Luna, as an officer and director of DDC, is individually liable
because he authorized the payments of tax receipts actually collected in the name of DDC to entities other
than the State. The State asserts that Luna committed the torts of conversion and breach of fiduciary duty
by wrongfully assuming and exercising dominion over the tax money collected to the exclusion of the State
and in a manner inconsistent with the State's rights in the property. At common law, a corporate officer
may be held individually liable for the tortious acts of the corporation if he directed, participated in, or had
knowledge of or assented to, the wrongful conduct. Leyendecker & Assoc., Inc. v. Wechter, 683
S.W.2d 369, 375 (Tex. 1984); Earthman's, Inc. v. Earthman, 526 S.W.2d 192, 206 (Tex. Civ.
App.--Houston [1st Dist.] 1975, no writ).

 While the comptroller's certificates alone do not establish the amount actually converted
through Luna, the State also offers Luna's deemed admissions in support of its motion for summary
judgment. Our review of the summary judgment evidence reveals that Luna admitted (1) that he was an
officer and director of DDC during the relevant liability period (3) and that there existed a trust relationship
existed between him and the State; (2) that he had actual knowledge and approved of the collection of the
tax money; (3) that he or DDC employees controlled or supervised by him, deposited the tax money which
was collected into DDC's bank account; (4) that the tax funds were not segregated into a separate DDC
account; (5) that he was the only person authorized to draw checks from DDC's bank account; (6) that
the sales tax collected was paid out of the account to entities other than the comptroller; (7) and that he
personally authorized these payments to entities other than the State. In an affidavit submitted with his
motion to withdraw the deemed admissions, Luna expressly denies that the amount of the tax liability is
correct. However, because the affidavit contradicts the deemed admissions, the trial court properly struck
it from the record and it is not before us for consideration. See Cherry v. North Am. Lloyds of Texas,
770 S.W.2d at 6 (affidavit offered to oppose motion for summary judgment was properly not considered
because it contradicted deemed admissions); see also Marshall v. Vise, 767 S.W.2d 699 (Tex. 1989)
(admission in response to request for admissions is judicial admission and not controvertible). 
Furthermore, because the district court did not permit the deemed admissions to be withdrawn, the affidavit
was not properly before the court. The proof submitted by the State is sufficient to establish Luna's liability
for the full amount of the corporate tax at issue. We conclude that there is no genuine issue of material fact
with regard to damages on the State's theory of conversion and the record supports Luna's liability as a
matter of law. Appellant's third and fourth points of error are overruled. Because we have concluded that
the State's theory of conversion supports the judgment, we need not consider Luna's challenges to the
State's theory of statutory liability.



CONCLUSION


 The judgment of the district court is affirmed.



Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 19, 1997

Do Not Publish

1. The charter of the corporate taxpayer, DDC, Inc. was forfeited prior to commencement of the
underlying action and DDC did not appear in the proceeding.
2. In order to establish good cause, a party must show legal or equitable excuses for his failure to
answer. Eckman v. Centennial Sav. Bank, 757 S.W.2d 392, 396 (Tex. App.--Dallas 1988, writ
denied); Burnet v. Cory Corp., 352 S.W.2d 502, 507 (Tex. Civ. App.--Dallas 1961, writ ref'd n.r.e.).
3. The definition attached to the requests for admissions defined "liability period" as the period
beginning April 1, 1989 and ending September 30, 1992 and the period beginning April 1, 1993 and
ending May 30, 1993. This is the period reflected on the Comptroller's certificates as "8904 through
9209" and "9304 through 9305."


t, however, to establish the amount of Luna's individual liability on
either of the State's theories. See N. S. Sportswear, Inc., 819 S.W.2d at 232. We will consider the
State's theories of Luna's individual liability.


Common-Law Liability

 Conversion & Breach of Fiduciary Duty

 The State's first theory is that Luna, as an officer and director of DDC, is individually liable
because he authorized the payments of tax receipts actually collected in the name of DDC to entities other
than the State. The State asserts that Luna committed the torts of conversion and breach of fiduciary duty
by wrongfully assuming and exercising dominion over the tax money collected to the exclusion of the State
and in a manner inconsistent with the State's rights in the property. At common law, a corporate officer
may be held individually liable for the tortious acts of the corporation if he directed, participated in, or had
knowledge of or assented to, the wrongful conduct. Leyendecker & Assoc., Inc. v. Wechter, 683
S.W.2d 369, 375 (Tex. 1984); Earthman's, Inc. v. Earthman, 526 S.W.2d 192, 206 (Tex. Civ.
App.--Houston [1st Dist.] 1975, no writ).

 While the comptroller's certificates alone do not establish the amount actually converted
through Luna, the State also offers Luna's deemed admissions in support of its motion for summary
judgment. Our review of the summary judgment evidence reveals that Luna admitted (1) that he was an
officer and director of DDC during the relevant liability period (3) and that there existed a trust relationship
existed between him and the State; (2) that he had actual knowledge and approved of the collection of the
tax money; (3) that he or DDC employees controlled or supervised by him, deposited the tax money which
was collected into DDC's bank account; (4) that the tax funds were not segregated into a separate DDC
account; (5) that he was the only person authorized to draw checks from DDC's bank account; (6) that
the sales tax collected was paid out of the account to entities other than the comptroller; (7) and that he
personally authorized these payments to entities other than the State. In an affidavit submitted with his
motion to withdraw the deemed admissions, Luna expressly denies that the amount of the tax liability is
correct. However, because the affidavit contradicts the deemed admissions, the trial court properly struck
it from the record and it is not before us for consideration. See Cherry v. North Am. Lloyds of Texas,
770 S.W.2d at 6 (affidavit offered to oppose motion for summary judgment was properly not considered
because it contradicted deemed admissions); see also Marshall v. Vise, 767 S.W.2d 699 (Tex. 1989)
(admission in response to request for admissions is judicial admission and not controvertible). 
Furthermore, because the district court did not permit the deemed admissions to be withdrawn, the affidavit
was not properly before the court. The proof submitted by the State is sufficient to establish Luna's liability
for the full amount of the corporate tax at issue. We conclude that there is no genuine issue of material fact
with regard to damages on the State's theory of conversion and the record supports Luna's liability as a
matter of law. Appellant's third and fourth points of error are overruled. Because we have concluded that
the State's theory of convers