**Roger FARAHMAND and Bruce Wardlay, Appellants,**

v.

**THANG DO, Appellee.**

No. 05–03–01024–CV.

Court of Appeals of Texas, Dallas.

July 22, 2004.

Rehearing Overruled Feb. 3, 2005.

Roger Arash Farahmand, Farahmand Law Firm, P.C., Dallas, for Appellants.

John M. Gillis, Dallas, for Appellee.

Before Justices MOSELEY, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

Roger Farahmand and Bruce Wardlay appeal the trial court's summary judgment in favor of Thang Do. In five points of error, appellants argue the trial court abused its discretion in denying appellants' motion to withdraw deemed admissions and granting appellee's motion for summary judgment. We reverse the trial court's summary judgment for attorney's fees and remand that issue to the trial court for further proceedings. In all other respects, the judgment of the trial court is affirmed.

In June 2001, appellants borrowed $150,000 from appellee for the purpose of buying a hospital from a bankruptcy trustee. Appellants executed a handwritten promissory note whereby they agreed to repay the $150,000 according to certain repayment options available to appellee. Appellants defaulted on the loan, and appellee sued to recover under the note. On March 17, 2003, appellee served a request for admissions on appellants, to which appellants failed to timely respond. Because the response was untimely, the requests were deemed admitted. Appellants filed a motion to withdraw deemed admissions. Although the trial court conducted a hearing on appellants' motion, no reporter's record was made of the proceedings, and no findings of fact or conclusions of law were requested. The trial court denied appellants' request to withdraw their deemed admissions. Appellee filed a motion for summary judgment. The trial court granted appellee's motion for summary judgment, and this appeal followed.

In their first and second points of error, appellants argue the trial court abused its discretion in denying their motion to withdraw deemed admissions because good cause was shown and such denial amounted to death penalty sanctions. Because the trial court has broad discretion in permitting or denying the withdrawal of deemed admissions, the appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996). However, because appellants have not brought forward a reporter's record of the hearing on their motion for withdrawal of their deemed admissions, they are not entitled to argue that the evidence presented at such hearing showed that the trial court committed a clear abuse of discretion. *See Ruiz v. Nicolas Trevino Forwarding Agency, Inc.,* 888 S.W.2d 86, 89 (Tex.App.-San Antonio 1994, no writ) (citing *Cherry v. North American Lloyds of Tex.,* 770 S.W.2d 4, 5 (Tex.App.-Houston [1st Dist.] 1989, writ denied)). Accordingly, in the absence of a reporter's record, we cannot conclude the trial court abused its discretion in denying appellants' motion to withdraw deemed admissions. *See Ruiz,* 888 S.W.2d at 89; *Cherry,* 770 S.W.2d at 5. We overrule appellants' first and second points of error.

In their third and fourth points of error, appellants complain the trial court

erred in granting appellee's motion for summary judgment because it was not supported by a proper affidavit or by the deemed admissions. In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Here, appellants' deemed admissions establish appellants executed the $150,000 promissory note, and the debt evidenced by the note was due and payable, plus interest. Regardless of the propriety of appellee's affidavit, the deemed admissions were sufficient to establish appellee's entitlement to recover the $150,000 under the note, plus interest. *See id.* Accordingly, the trial court properly entered summary judgment in favor of appellee under the note. *Id.* We overrule appellants' third and fourth points of error.

■ In their fifth point of error, appellants argue the trial court erred in awarding appellee $35,000 in attorney's fees because there was no affidavit regarding attorney's fees attached to appellee's motion for summary judgment and no other evidence in the record to support the award. In his motion for summary judgment, appellee requested the trial court to set a hearing on the matter of attorney's fees to be held immediately following the summary judgment. In his brief, appellant asserts the trial court conducted a hearing on attorney's fees immediately following the summary judgment hearing. However, there is no record of the hearing.

In his petition, appellee stated he had hired an attorney, and a reasonable fee for the attorney's services was "at least $250 per hour." In his motion for summary judgment, appellee asserted he was entitled to attorney's fees and requested a hearing on the matter. In the trial court's summary judgment, appellee was awarded

$35,000 in attorney's fees. Nowhere in the record is there an affidavit supporting the reasonableness or necessity of the attorney's fees requested by appellee or establishing the proper amount of such fees other than "at least $250 per hour." Because the trial court decided the issue of attorney's fees as a summary judgment, we review the judgment under the summary judgment standard. On the record before us, we conclude a fact issue exists as to appellee's entitlement to attorney's fees and the amount of such fees. Accordingly, we sustain appellants' fifth point of error to the extent the record does not support the trial court's summary judgment for attorney's fees.

We reverse the trial court's summary judgment for attorney's fees and remand that issue to the trial court for further proceedings. In all other respects, the judgment of the trial court is affirmed.