Affirmed and Memorandum Opinion filed June24, 2008








Affirmed and Memorandum Opinion filed June24, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00080-CV

____________

 

IN THE INTEREST OF K.R.S., A CHILD

 

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 04FD1727

 



 

M E M O R A N D U M   O P I N I O N

Appellant, the Office of the Attorney General of Texas (Athe A.G.@), appeals the
trial court=s orders striking its summary judgment response and
accompanying evidence and granting summary judgment in favor of appellee Paul
J. McGee.  In two issues, the A.G. argues that the trial court erred in
striking its summary judgment response and evidence and that, based on the
stricken evidence, summary judgment was improper.  We affirm.








When K.R.S., a minor child, was sixteen years old, the A.G.
brought an action to disprove the paternity of Charles M. Brown, the child=s presumptive
father,[1]
and establish the paternity of McGee.  McGee argued that the A.G.=s suit was barred
by limitations because it was brought after the child=s fourth
birthday.  See Tex. Fam. Code
Ann. ' 160.607(a) (Vernon Supp. 2007).  The A.G. contended
that it could bring the action at any time because the mother and presumed
father did not live together or have sexual intercourse during the probable
time of conception and the presumed father never represented that the child was
his own.  See id. ' 160.607(b).

McGee raised a jurisdictional challenge and filed a motion
to dismiss.  The trial court denied this motion and issued an order finding,
among other things, that Brown and the child=s mother neither
lived together nor had sexual intercourse during the probable time of
conception and that Brown had never represented that he was the child=s father.  McGee
filed a mandamus, and after eighteen months in the appellate courts, the
mandamus was denied and the case was returned to the trial court for further
proceedings.  See In re McGee, No. 01-05-00325-CV, 2005 WL 825745 (Tex.
App.CHouston [1st
Dist.] Apr. 8, 2005, orig. proceeding [mand. denied]) (mem. op.).








McGee filed a no evidence motion for summary judgment,
arguing that the A.G. had no evidence that Brown and the child=s mother did not
live together or have sexual intercourse during the probable time of
conception.  The A.G. filed a response and attached as evidence several
documents, including the trial court=s findings on the
earlier motion to dismiss.  McGee objected and filed a motion to strike the
response and all accompanying evidence on three grounds:  they were untimely
filed, the evidence was not authenticated, and the evidence contradicted the A.G.=s responses to
requests for admission and thus could not be used as summary judgment proof. 
The trial court granted McGee=s motion to strike without specifying the
grounds and then granted McGee=s summary judgment motion.  See Tex. R. Civ. P. 166a(i) (stating that
trial court Amust grant@ a no evidence
summary judgment motion unless the nonmovant produces sufficient summary
judgment evidence); Dolcefino v. Randolph, 19 S.W.3d 906, 917 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (ASummary judgment, however, must be granted
under Rule 166a(i) if the party opposing the motion fails to bring forth
competent summary judgment proof.@).

In its initial appellate brief, the A.G. responds to two of
McGee=s bases for
striking its summary judgment response and evidence, arguing they were timely
filed and the evidence did not need to be authenticated.  However, the A.G. did
not attack McGee=s other basis for moving to strike the
response and evidenceCthat the evidence contradicted the A.G.=s admissions and
therefore could not be used to defeat summary judgment.  See Cherry v. N.
Am. Lloyds of Tex., 770 S.W.2d 4, 6 (Tex. App.CHouston [14th
Dist.] 1989, writ denied).  The A.G. did not argue that this ground was
erroneous until its reply brief.  McGee contends that this is too late and
therefore, we must affirm the trial court=s ruling on this
unchallenged basis.  We agree.








An appellant must attack all independent bases that support
a trial court=s ruling.  Hong Kong Dev., Inc. v. Nguyen, 229
S.W.3d 415, 456 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  If an
appellant does not challenge an independent ground, we must accept the validity
of the ground and affirm on that basis.  See id.; see also Page v.
Hulse, No. 14-06-00731-CV, 2007 WL 2127717, at *3 (Tex. App.CHouston [14th
Dist.] July 26, 2007, pet. denied) (mem. op.) (affirming trial court=s damages award
because appellant failed to challenge independent basis for award).  The A.G.=s reply brief
response to the admissions contradiction ground is too late.  Issues not raised
until a reply brief are waived.  See Howell v. Tex. Workers= Comp. Comm=n, 143 S.W.3d 416,
439 (Tex. App.CAustin 2004, pets. denied); Zammaron v. Shinko Wire
Co., 125 S.W.3d 132, 139 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied); see also Tex.
R. App. P. 38.1(e).  The A.G. argues that the waiver rule does not apply
here because its description of its first issueCthat the trial
court erred in striking its summary judgment response and evidenceCis broad enough to
cover its reply brief argument.  However, the A.G.=s initial brief
does not even mention the admissions contradiction ground, much less make any
arguments regarding it.  That the A.G. could have but did not make such an
argument in its opening brief does not allow it do so for the first time in its
reply brief.  See López v. Montemayor, 131 S.W.3d 54, 61 (Tex. App.CSan Antonio 2003,
pet. denied) (AA reply brief is not intended to allow an appellant to
raise new issues.@).

The A.G. argues that we should relax technical rules such
as waiver in family cases because of the importance of the interests at stake. 
We disagree.  We regularly apply procedural rules in family cases and have
found waiver, even of constitutional arguments in parental rights termination
cases.  See In re G.V., No. 14-02-00604-CV, 2003 WL 21230176, at *1B2 (Tex. App.CHouston [14th
Dist.] May 29, 2003, pet. denied) (mem. op.) (finding due process complaint
waived in parental rights termination case because not raised in trial court); see
also In re A.J.H., No. 14-03-01016-CV, 2004 WL 414093, at *6 (Tex.
App.CHouston [14th
Dist.] Mar. 2, 2004, no pet.) (mem. op.) (finding briefing waiver on
sufficiency points in parental rights termination case).  As the Texas Supreme
Court has stated in a parental rights termination case in which it found
multiple instances of waiver of constitutional arguments, A[A]dhering to our
preservation rules isn=t a mere technical nicety; the interests
at stake are too important to relax rules that serve a critical purpose.@  In re L.M.I.,
119 S.W.3d 707, 708 (Tex. 2003) (plurality op.).  The court went on to explain
that preservation rules in family cases help preserve the legislature=s intent that such
cases be resolved expeditiously and with finality.  See id. at 708, 711;
see also In re Baby Boy R., 191 S.W.3d 916, 921B22 (Tex. App.CDallas 2006, pet.
denied) (citing L.M.I. in finding waiver of constitutional arguments in
parental rights termination case).








We conclude that because the A.G. did not timely challenge
an independent basis for the trial court=s ruling striking
its summary judgment evidence and response, we must affirm the ruling on that
basis.  Thus, we overrule the A.G.=s first issue. 
This leaves the A.G. with no evidence to create a fact issue in response to
McGee=s no evidence
summary judgment motion, and thus the trial court=s order granting
summary judgment was proper.  See Tex.
R. Civ. P. 166a(i); Dolcefino,19 S.W.3d at 917.  Accordingly, we
overrule the A.G.=s second issue.  We affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered and Memorandum
Opinion filed June 24, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.









[1]  Brown is the presumptive father because he was
married to the child=s mother when the child was born.  See Tex. Fam. Code Ann. ' 160.204(a)(1) (Vernon Supp. 2007).