NO. 07-07-0439-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 27, 2009
_____

BRUCE W. GENTRY, APPELLANT

V.

GREAT SENECA FINANCIAL CORPORATION,
ASSIGNEE OF FIRST USA, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2005-597,867; HONORABLE PAULA LANEHART, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Presenting seven issues, appellant Bruce William Gentry appeals from the trial

court's order granting summary judgment in favor of Great Seneca Financial Corporation.

We will reverse and remand.

Background

Great Seneca sued Gentry to collect an unpaid credit card account balance in the

amount of $22,443.25. The action alleged an account, and was supported by the affidavit

of a custodian of the company's records. Great Seneca served with its petition fifteen requests for admissions. Gentry filed an answer but failed to answer the requests timely.

Great Seneca subsequently filed a motion for summary judgment based in part on Gentry's deemed admissions. After a hearing,[1] the trial court granted summary judgment in favor of Great Seneca. The trial court awarded Great Seneca the balance due on Gentry's account in the amount of $22,443.25, as well as $3,047.36 pre-judgment interest and $3,366.48 as attorney's fees. Gentry filed a motion for new trial that was overruled by operation of law. This appeal followed.

Analysis

We review the trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). To be entitled to summary judgment on a cause of action, a plaintiff must prove conclusively all essential elements of the cause. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott,* 128 S.W.3d at 215. If the judgment does not specify the ground relied upon for granting

---

[1] The order on summary judgment recites that Great Seneca appeared through its attorney of record and Gentry failed to appear. On appeal, Gentry states he was present for all proceedings, including the summary judgment hearing.

2

summary judgment, the judgment must be affirmed if any of the grounds in the motion have merit. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001).

Great Seneca's motion for summary judgment asserted two reasons it was entitled to judgment, first, because of Gentry's failure to file a verified denial of Great Seneca's suit, and second, because deemed admissions established every element of its suit. We examine each in turn.

Ground one - sworn account

Summary judgment cannot be affirmed on Great Seneca's first assertion, based on Gentry's failure to file a verified denial. The ground depends on the characterization of Great Seneca's suit as one on a sworn account, under Texas Rule of Civil Procedure 185. But the procedural tool of Rule 185 was not available to Great Seneca in this case. Its suit alleged Great Seneca or its predecessor extended credit to Gentry, and that he accepted the credit extended by making charges on the credit card account or by authorizing another person to do so. A suit to collect an unpaid credit card account derived from credit extended by a financial institution that was not the seller of the goods or services purchased with the credit card does not come within the actions described in Rule 185. *See Williams v. Unifund CCR Partners Assignee of Citibank,* 264 S.W.3d 231, 234 (Tex.App.–Houston 2008, no pet.) (so holding); *Tully v. Citibank (S.D.), N.A.,* 173 S.W.3d 212, 216 (Tex.App.–Texarkana 2005, no pet.) (a bank cannot collect credit card debt through suit on a sworn account); *Bird v. First Deposit Nat'l Bank,* 994 S.W.2d 280, 282 (Tex.App.–El Paso 1999, pet. denied) (credit card issued by financial institution does not

3

create the sort of debtor-creditor relationship required to bring suit under Rule 185); *Hou-Tex Printers, Inc. v. Marbach,* 862 S.W.2d 188, 190 (Tex.App.–Houston [14th Dist.] 1993, no writ). *See also Northwest Park Homeowners Ass'n, Inc. v. Brundrett,* 970 S.W.2d 700, 702 (Tex.App.–Amarillo 1998, pet. denied) (analyzing application of Rule 185). If the trial court's summary judgment is to be affirmed, it must be on the basis of Great Seneca's second ground.

Ground two - deemed admissions

When requests for admissions are unanswered, the admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex.1989). An admission deemed admitted is a judicial admission, and a party may not introduce testimony to controvert it. *Id.* Deemed admissions are competent summary judgment evidence. *In re Herring*, 970 S.W.2d 583, 587 (Tex.App.–Corpus Christi 1998, no pet.); *Flores v. H.E.Butt Stores*, Inc., 791 S.W.2d 160, 162 (Tex.App.–Corpus Christi 1990, writ denied). *See also Farahmand v. Thang Do*, 153 S.W.3d 601, 603 (Tex.App.–Dallas 2004, pet. denied) (summary judgment may be granted on basis of deemed admissions); *Mackie v. Guthrie*, 78 S.W.3d 462, 468 (Tex.App.–Tyler 2001, pet. denied) (same). Moreover, to the extent they address the elements of proof of a claim, deemed admissions provide uncontroverted proof of these elements as a matter of law. *Overstreet v. Home Indem. Co.*, 669 S.W.2d 825, 827-28 (Tex.App.–Dallas 1984) *rev'd on other grounds Overstreet v. Home Indem. Co.,* 678 S.W.2d 916 (Tex.1984).

4

Among the deemed admissions here were the following:

(1) Gentry entered an agreement whereby Great Seneca or Great Seneca's original assignor extended credit to Gentry;

(2) Gentry was extended credit on the account or accounts the subject of this suit;

(3) Great Seneca or Great Seneca's original assignor extended credit to Gentry for the purchase of goods, wares, merchandise or services or for cash advances on the account or accounts the subject of this suit;

(4) Gentry or another with permission of Gentry accepted the credit extended for the purchase of the goods, wares, merchandise, or services referred to in Request No. 3;

(5) The prices charged for the goods, wares, merchandise or services referred to in Request Number 3 were the prices agreed to by Gentry or another with permission of Gentry;

(6) The prices charged for the goods, wares, merchandise, or services referred to in Request Number 3 were the usual and customary prices at the time when delivered and in the county where delivered;

(7) The balance due and owing to Great Seneca by Gentry is "at least" $22,443.25;

(8) The debt that is the subject of this suit is just, due, and unpaid;

(9) More than thirty days before suit, Great Seneca presented to Gentry a demand for payment of the outstanding balance of $22,443.24; and

(10) Gentry failed to pay the amount due Great Seneca on the account or accounts the subject of this suit.

The deemed admissions might, *arguendo*, have established Great Seneca's entitlement to judgment under a cause of action Texas courts have recognized for the collection of a credit card account. *See, e.g., Tully,* 173 S.W.3d at 216; *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex.App.–Dallas 2008, no pet.)*; Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *3

5

(Tex.App.–Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.) (all applying common-law cause of action for "account stated"); *Rowlands v. Unifund CCR,* No. 14-05-01122-CV, 2007 WL 1395101, *2 (Tex.App.–Houston [14th Dist.] March 27, 2007, no pet.) (breach of contract).   However, we need not express an opinion whether the summary judgment evidence showed Great Seneca was entitled to judgment, because the judgment the court signed is not in favor of Great Seneca.  The court's judgment instead is in favor of an entity named Palisades Acquisition XV, whose connection with Gentry's credit card account is not described in the summary judgment pleadings or evidence.  Despite the deemed admissions, we cannot say the summary judgment evidence established that entity's entitlement to judgment as a matter of law.   *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979) (movant of traditional motion for summary judgment must establish entitlement to judgment as a matter of law).  We sustain Gentry's first  issue, complaining of the sufficiency of the summary judgment evidence.  Having sustained that issue, we need not reach Gentry's remaining issues.  Tex. R. App. P. 47.1.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.


James T. Campbell
Justice