N.S. SPORTSWEAR, INC., and Norman Stalarow, Appellants,

v.

The STATE of Texas, Cities of Dallas, Richmond, Austin and Houston, Texas and Transit Authorities of Dallas and Houston, Texas, Appellees.

No. 3–90–225–CV.

Court of Appeals of Texas, Austin.

Nov. 6, 1991.

Mitchell J. Buchman, Houston, for appellants.

David Randell, Asst. Atty. Gen., Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment. The State [1] sued N.S. Sportswear, Inc., and Norman Stalarow, an officer and director of the corporation, for unpaid sales and use taxes, penalties, and interest totalling $85,429.04. Tex. Tax Code Ann. § 111.010 (1982 & Supp.1991). After limited discovery, the State obtained summary judgment against both Norman Stalarow, individually, and N.S. Sportswear, Inc. To support Stalarow's individual liability, the State relies on two alternative theories: 1) common-law liability for participation in the torts of conversion and breach of fiduciary duty, and 2) statutory liability under section 111.016 of the Tax Code, which imposes individual liability upon any person who receives or collects a tax.

In support of its motion the State offered the comptroller's certificates of tax delinquency and Stalarow's answers to the State's request for admissions. In response, Stalarow offered his own affidavit controverting the amount of taxes collected and owed. The district court granted the State's motion, holding both defendants jointly and severally liable for the full amount of the corporate tax liability set forth in the comptroller's certificates. Both parties perfected an appeal but only Norman Stalarow, complaining of the judgment against him individually, has filed a brief on appeal. The judgment against the corporation is therefore affirmed. As to Norman Stalarow individually, we will reverse and remand.

■ To obtain a summary judgment, the State must prove that there is no material issue of fact as to its cause of action and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.

1. To simplify discussion the appellees will be referred to collectively as "the State."

1985). In reviewing the granting of the summary judgment, we must take as true all evidence favorable to the non-movant, Stalarow, and resolve any doubt and indulge every reasonable inference in his favor. *Id.* *See also Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984). Furthermore, since the State offers two alternative theories of individual liability, and the district court has not specified on which ground the summary judgment was granted, we must affirm if either of the movant's grounds will support the judgment. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.1985, writ ref'd n.r.e.).

*The Controversy*

In his first point of error, Stalarow complains that the district court erred in finding as a matter of law that there was no issue of material fact with respect to the amount of taxes claimed by the State in their motion for summary judgment. We agree.

■ The State claims that the comptroller's certificates of delinquency established the amount of tax liability. Section 111.013 of the Tax Code provides that these certificates, when admitted, are prima facie evidence of their contents. Tex.Tax Code Ann. § 111.013 (1982). If unrebutted, they are sufficient to establish, as a matter of law, the amount of tax the taxpayer owes. *Baker v. Bullock,* 529 S.W.2d 279 (Tex.Civ. App 1975, writ ref'd n.r.e.); *State v. Rope,* 419 S.W.2d 890 (Tex.Civ.App.1967, writ ref'd n.r.e.). The district court rendered judgment against the corporation in the amount stated in the comptroller's certificates and the corporation does not complain of that fact on appeal. These certificates are not sufficient, however, to establish the amount of Stalarow's individual liability on either of the State's theories.

*Common–Law Liability*

■ The State's first theory of liability is that Stalarow, as an officer or director of the corporation, is individually liable because he actively participated, instigated, aided, or abetted the corporation in the torts of conversion and breach of fiduciary duty with respect to the tax funds. At common law, a corporate officer may be held individually liable for torts of the corporation if he participated in, or had knowledge of and assented to, the wrongful conduct. *Leyendecker & Assoc., Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1984); *Earthman's, Inc. v. Earthman,* 526 S.W.2d 192 (Tex.Civ.App.1975, no writ); *Sutton v. Reagan & Gee,* 405 S.W.2d 828 (Tex.Civ.App.1966, writ ref'd n.r.e.).

■ Assuming that the State has proved that tax funds were converted and that Stalarow either participated in or had knowledge of this conversion, which we do not decide, he is not necessarily liable for the full amount of the tax owed by the corporation. If Stalarow is individually liable on a theory of conversion, he is liable only for the amount of tax money actually converted through him.

■ The comptroller's certificates alone are insufficient to establish the amount actually converted through Stalarow. The State offers no other summary judgment evidence to prove the amount of liability.

The State contends that the present case is controlled by *Dixon v. State,* 808 S.W.2d 721 (Tex.App.1991, writ dism'd w.o.j.). In *Dixon,* this Court upheld a summary judgment imposing individual liability on a corporate president and director for instigating, aiding, and abetting in the conversion of tax funds deposited into the corporate operating account and expended for operating expenses.

In *Dixon* the amount converted was not an issue. In that case there was an agreed order stipulating the amount of the tax liability. Dixon admitted that he authorized payment of that amount to entities other than the State. Further, Dixon admitted that he was the only person who could authorize withdrawals from the corporate bank account.

There are no similar stipulations or admissions in the present case. Stalarow has expressly denied that the amount of tax liability was the amount represented in the

comptroller's certificates, and that this amount of tax was actually collected. He also denied that he was the only person authorized to sign and draw checks on the corporate account, and that the corporation paid out sales tax receipts to entities other than the comptroller.

*Statutory Liability*

 The State's second theory of liability is that Stalarow is individually liable under a section of the Tax Code imposing individual liability on "[a]ny person who receives or collects a tax." Tex.Tax Code Ann. § 111.016 (Supp 1991). If Stalarow can be held individually liable under this section of the tax code, which we do not decide, the State must prove the actual amount he received or collected, and his liability is limited to the "amount collected." *Id.* Proof, by means of the comptroller's certificates, of the full amount of the corporate tax liability is insufficient.

We sustain Stalarow's first point of error. Because we find there is a genuine issue of material fact with regard to damages on either theory of liability, it is unnecessary to address Stalarow's second point of error.

We affirm the judgment against the corporation. We reverse the judgment against Stalarow and remand the cause for further proceedings in accordance with this opinion.