Hernandez 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-109-CV





MARIO E. HERNANDEZ,



 APPELLANT


vs.





THE STATE OF TEXAS, THE CITY OF HOUSTON, TEXAS,


AND THE TRANSIT AUTHORITY OF HOUSTON, TEXAS,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 92-00063, HONORABLE PETE LOWRY, JUDGE PRESIDING



 





 The State of Texas, the City of Houston, and the Transit Authority of Houston,
Texas (collectively "the State"), sued Mario E. Hernandez to recover sales taxes assessed by the
Comptroller against Mario's Motors, Inc. ("the Corporation"). The State alleged that Hernandez
controlled the Corporation's management and finances and that Hernandez, or others under his
supervision and control, received or collected the sales and use taxes on behalf of the State, but
did not remit the money to the State. The State sought recovery from Hernandez based upon two
theories: common law conversion and statutory liability pursuant to section 111.016 of the Texas
Tax Code (hereinafter "the trust fund provision"). Tex. Tax Code Ann. § 111.016 (West 1992). 
The district court rendered summary judgment in favor of the State. We will reverse the summary
judgment and remand the cause for further proceedings in accordance with this opinion.



BACKGROUND


 On January 3, 1992, the State filed suit against Hernandez to collect state,
municipal, and special purpose taxing authority sales taxes assessed by the Comptroller against
the Corporation. Hernandez was an officer and director of the Corporation during the time
periods for which the State sought to collect taxes. The State offered two theories for recovery,
common law conversion and the trust fund provision. The State alleged that Hernandez was liable
as a joint tortfeasor with the Corporation for conversion of the tax funds. The State also alleged
that Hernandez received and collected sales tax and, thus, was individually liable for the taxes
under the trust fund provision.

 On February 19, 1992, Hernandez filed a petition for relief under Chapter 7 of the
United States Bankruptcy Code. 11 U.S.C. § 701 et seq. (1988 & Supp. III 1991). Pursuant to
section 362 of the Bankruptcy Code, 11 U.S.C. § 362 (1988 & Supp. IV 1992), the district court
proceedings against Hernandez were stayed. On March 18, 1992, while the automatic stay was
in effect, the state served Hernandez with requests for admissions, interrogatories, and requests
for production. On June 3, 1992, the bankruptcy court granted Hernandez a general discharge
and terminated the automatic stay. Hernandez answered the requests for admissions on October
12, 1992.

 The State moved for summary judgment and in support thereof, offered
comptroller's certificates of tax delinquency and all the discovery evidence produced in the case. 
The most recent comptroller's certificate, dated September 21, 1992, reflected tax liability
calculated through October 15, 1992. The certificate stated that for the period of January 1985
through October 1991, the Corporation was assessed $102,006.03 in state sales tax; $36,207.44
in city sales tax; and $36,207.44 in transit authority sales tax. In response to the motion for
summary judgment, Hernandez offered evidence, including his own affidavit, controverting the
amount of taxes collected and owed. On October 29, 1992, the district court granted the State's
summary judgment motion and rendered judgment against Hernandez for the full amount of the
corporate tax liability set forth in the September 21, 1992, comptroller's certificate. Hernandez
appeals the summary judgment in favor of the State. We will reverse the summary judgment.



DISCUSSION


 The standard for reviewing a motion for summary judgment is well established: 
(1) The movants for summary judgment have the burden of showing that no genuine issue of
material fact exists and that they are entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in
favor of the non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). This is a heavy burden and, if there is any genuine
issue of material fact, summary judgment cannot be affirmed. However, because the State offered
two alternative theories of liability and the district court did not specify on which theory it granted
the summary judgment, we must affirm the judgment if either theory will support it. See Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

 Our decision in N.S. Sportswear, Inc. v. State, 819 S.W.2d 230 (Tex. App.--Austin
1991, no writ) controls this case. In N.S. Sportswear, the State sued both a corporation and an
individual who was an officer and director of the corporation for unpaid corporate sales tax. To
support individual liability, the State relied on common law conversion and statutory liability
under the trust fund provision. Id. at 231. The State moved for summary judgment and, in
support thereof, offered comptroller's certificates and the answers to the State's requests for
admissions. The individual defendant offered his own affidavit controverting the amount of taxes
collected and owed. The district court granted summary judgment holding both defendants jointly
and severally liable for the full amount of the corporate tax liability as reflected in the
comptroller's certificates. Id.

 On appeal, this Court held that under the State's theory of conversion, the
comptroller's certificates alone were insufficient to establish the amount converted by the
individual defendant. N.S. Sportswear, 819 S.W.2d at 232. Similarly, the State in the present
case offers no summary judgment evidence other than comptroller's certificates to establish the amount allegedly converted. (1) Accordingly, applying the holding in N.S. Sportswear, a fact issue
remains as to the amount of tax monies allegedly converted by Hernandez.

 With regard to liability under the trust fund provision, in N.S. Sportswear we
specifically declined to reach the issue of whether a corporate officer could be held individually
liable for the corporation's unpaid taxes. N.S. Sportswear, 819 S.W.2d at 233. However, we
did conclude that if an individual officer could be held liable, comptroller's certificates alone
would be insufficient to establish the amount of liability. Id. Accordingly, in the instant case,
since the State's summary judgment proof on the amount of tax liability consists only of the
comptroller's certificates, summary judgment is inappropriate under the trust fund provision. If
Hernandez could be held individually liable under the trust fund provision, which we again decline
to decide, the State would at least be required to prove the actual amount he received or collected.

 In view of this Court's decision in N.S. Sportswear, we sustain Hernandez's point
of error. We find that there is a genuine issue of material fact under either theory of liability set
forth by the State. Accordingly, we reverse the district court's judgment and remand the cause
for further proceedings in accordance with this opinion.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: November 17, 1993

Do Not Publish

1.   The State contends that since Hernandez's responses to its requests for admissions were
untimely, they were deemed admitted. Hernandez responds that since the requests were
propounded in violation of the bankruptcy court's automatic stay, they were inoperative. 
See Casing Corp. v. Samedan Oil Corp., 751 S.W.2d 499 (Tex. 1988) (per curiam); Cissne v.
Robertson, 782 S.W.2d 912, 920 (Tex. App.--Dallas 1989, writ denied) (holding that requests for
admissions propounded to debtor during automatic stay are inoperative). We need not reach this
question since the requests for admissions sought no admissions regarding the specific amounts
allegedly received, collected, or converted by Hernandez.