# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00101-CV

**Arthur L. Herrera, Jr., d/b/a Nicole's Diamond Creations, Appellant**

**v.**

**The State of Texas; The Cities of San Antonio and Balcones Heights, Texas; and The Transit Authority of San Antonio, Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. 97-07590, HONORABLE DON G. HUMBLE, JUDGE PRESIDING

This is an appeal from a judgment against an individual for delinquent taxes incurred by a corporation. The taxing authorities[1] sued Arthur L. Herrera, Jr. d/b/a Nicole's Diamond Creations ("Herrera") and not the corporate taxpayer, Lloyd's Jewelers, Inc. Herrera filed a sworn denial alleging he was not liable in the capacity in which he was sued.[2] The State has never controverted that the delinquent taxes were incurred by the corporate taxpayer, Lloyd's Jewelers, Inc. After a brief bench trial, judgment was rendered against Herrera personally. This case is controlled

---

[1] The plaintiffs are the State of Texas, which the judgment awarded $73,484.81; the Cities of San Antonio and Balcones Heights, which were awarded $11,757.57; and the Transit Authority of San Antonio, which was awarded $11,757.57. Plaintiffs also recovered interest, penalties and attorney's fees. For brevity, we refer to these taxing authorities collectively as the "State."

[2] Herrera pleaded under oath that he was "not liable in the capacity in which he is sued. . . . [T]he underlying dollar amount, if any, alleged by the [State] was and could only have been only [sic] a 'tax' account due . . . from and by *Lloyd's Jewelers, Inc.*, a corporation." (Emphasis in original.) *See* Tex. R. Civ. P. 93.

by two of our prior decisions, *Parker v. State*, 36 S.W.3d 616 (Tex. App.—Austin 2000, no pet.),[3] and *N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230 (Tex. App.—Austin 1991, no writ). We hold that the evidence presented by the State is insufficient as a matter of law to support the judgment. Accordingly, we reverse the judgment of the district court and render judgment that the State take nothing.

## FACTUAL & PROCEDURAL BACKGROUND

In order to recover a corporation's delinquent sales tax from an individual, the State must show that the tax is due, that the individual was responsible for the delinquency, and the amount of the tax actually collected by the individual. In this case, the State obtained a judgment against an individual based on only a Notice of Tax Due, a certificate issued by the State itself. That certificate was issued by the Comptroller assessing delinquent tax pursuant to section 111.013 of the Code. Tex. Tax Code Ann. § 111.013 (West 1992).

The original certificate issued in this case was entitled "Comptroller's Certificate to Attorney General of Sales and Use Tax Liability" and it referenced "Taxpayer Number 2-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-4" and identified the *taxpayer* as "Arthur L. Herrera, Jr." The certificate reflected that the amounts of $73,484.81, $11,757.57 and $11,757.57 were owing for the taxing periods, June 1989 through December 1992. It was attached to the State's petition filed in this case.

---

[3] Subsequent to this Court's opinion in *Parker*, dated December 7, 2000, the parties in that case filed a joint motion to dismiss the appeal. In a supplemental opinion, this Court granted the joint motion to dismiss and withdrew the *judgment* previously rendered by the Court. *Parker v. State*, 40 S.W.3d 555 (Tex. App.—Austin 2001, no pet.). However, this Court did *not* withdraw its earlier *opinion*. *Id.* ("The opinion of this Court dated December 7, 2000, is not withdrawn."). *Parker*, therefore, remains binding authority. Tex. R. App. P. 42.1(c).

The caption of the State's petition characterizes "Nicole's Diamond Creations" as an assumed name of an individual, Arthur L. Herrera, Jr. That characterization is carried forth into the judgment. The certificate attached to the petition reflects that it was "In The Matter of: Nicole's Diamond Creations." There is no mention in the petition or certificate of Lloyd's Jewelers, Inc.

At trial, the State introduced only two pieces of evidence. It introduced another certificate issued by the Comptroller. That certificate makes no mention of *either* "Nicole's Diamond Creations" *or* "Lloyd's Jewelers, Inc.," only Herrera. The State also introduced a copy of an administrative law decision, and the Comptroller's order approving it, that was issued in an earlier administrative proceeding whereby Herrera challenged the Comptroller's determination of the tax owed. *See* Tex. Tax Code Ann. § 111.009 (West 1992).[4] The State did not introduce any other evidence from the administrative record besides the Comptroller's decision. None of the testimony or documentary evidence presented at the administrative hearing was introduced at trial. The State introduced the Comptroller's decision because it contained a finding of fact which the State contends establishes Herrera's personal liability.

The Comptroller's decision is important in this case, not for what it proves, but for what it does not prove. Finding of Fact 3 in the Comptroller's decision found that "Lloyd's filed for bankruptcy protection under Chapter 11 [that] was converted to a Chapter 7 on February 12, 1993." Finding of Fact 4 states "Petitioner [Herrera] was the President and Director of Lloyd's. Petitioner had check-signing authority on all corporate accounts." Finding of Fact 5 states that numerous other individuals had "check signing authority on the corporate accounts." Finding of Fact 6 states that

---

[4] This lawsuit is not an appeal from that administrative proceeding. This is a de novo action by the State to collect delinquent tax under section 111.010 of the Tax Code.

3

after filing for bankruptcy, Herrera and his wife had check signing authority on the tax and payroll accounts. Finding of Fact 9 states "During the fourth quarter of 1992, Petitioner retained sales tax monies in an effort to keep the corporation in business." This last finding is the piece of evidence that the State asserts establishes Herrera's personal liability for the delinquent tax.

The decision, however, also states:

> The amount of tax collected by Petitioner has not been established. Sufficient evidence has not been presented that indicates how much tax Petitioner collected or received on behalf of the State. Since Petitioner contests the entire assessment, the Tax Division must establish the extent of Petitioner's liability and not simply rely upon the amount set out in the Notice of Tax Due. [Citation omitted.] The Tax Division has not presented the requisite proof.
>
> * * *
>
> Since the Tax Division has not established the actual amount received or collected by Petitioner, the assessment under 111.016 must be deleted. However, Petitioner admitted that he did not remit the sales tax collected for the fourth quarter of 1992 because he was attempting to keep the business running. Inasmuch as Petitioner has admitted that he purposely did not remit tax that was collected, he should be held responsible for the amount of tax due resulting from taxable sales on all sales tax reports for the fourth quarter of 1992. . . . The assessment against Petitioner in his personal capacity should be upheld for all the periods in the fourth quarter of 1992; the remainder of the assessment should be deleted.

Nothing in the decision or the record before us, however, indicates how much tax was collected in the fourth quarter of 1992. Further, Findings of Fact 10 and 11 provide:

10. The Tax Division [Attorney General's Office acting on behalf of the Comptroller] contends that the amount of money Petitioner allegedly collected and held in trust for the state is evidenced by the amount of sales tax reported as being due on the sales and use tax returns which was not remitted to the State.

11. There is no evidence in the record of this case which indicates whether Lloyd's accounted for its receipts on the cash or accrual method of accounting. Lloyd's

4

made cash sales and sales on charge accounts. In addition, there is no evidence that Petitioner was involved in the day to day record keeping and report filing operations of the business.

Based on this scant evidence, the district court rendered judgment for the State. Herrera appeals.

**DISCUSSION**

While findings of fact and conclusions of law were made in the ancillary administrative proceeding, there were none requested or filed by the district court in this cause. When a cause is tried to the court and findings of fact and conclusions of law are neither requested nor filed, all fact findings necessary to the judgment will be deemed to support the judgment. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996); *Harlandale Indep. Sch. Dist. v. Cornyn*, 25 S.W.3d 328, 332 (Tex. App.—Austin 2000, pet. denied). We will affirm the judgment on any valid legal theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987). We review questions of law de novo without deference to a lower court's legal conclusions. *Heal*, 917 S.W.2d at 9.

In reviewing a "no evidence" challenge on appeal, we must consider all evidence in the light most favorable to the trial court's judgment, indulging every reasonable inference in favor of the judgment. *Associated Indem. Corp., v. CAT Contr.*, 964 S.W.2d 276, 285 (Tex. 1998); *Harlandale Indep. Sch. Dist.*, 25 S.W.3d at 332. We will uphold an implied finding if there is more than a scintilla of evidence that supports it. *Id.* There is more than a scintilla of evidence to support

5

a finding when reasonable minds could arrive at the finding given the facts in the record. *Id*. at 332-33.

**A. Collection Suits Under Chapter 111 of the Tax Code**

This suit was brought to collect delinquent tax under section 111.010 of the Texas Tax Code. By it, the State seeks to hold an individual liable for the tax owed by a corporate taxpayer pursuant to section 111.016 of the Tax Code. This provision states that "any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected . . . ." Tex. Tax Code Ann. § 111.016(a) (West Supp. 2002).

In any suit to collect delinquent tax, the State bears the burden of proof. The Comptroller may issue to the State's attorney a "certificate" under section 111.013 that reflects the amount of tax owed, along with penalties and interest accrued. The Code provides that a Comptroller's certificate is prima facie evidence of the existence of the delinquency and the amount owed. Tex. Tax Code Ann. §111.013(a) (West 1992). This evidentiary presumption may be rebutted by sworn written pleadings, which Herrera filed. Tex. Tax Code Ann. §111.013(b) (West 1992). The evidentiary presumption afforded by section 111.013, however, does not affect the State's burden of proof under section 111.016. Nevertheless, it is the certificate issued by the Comptroller in this case that the State argues establishes *both* individual liability under section 111.016 as well as the amount of tax actually collected by that individual.

In order for the State to collect delinquent corporate tax from someone other than the corporate taxpayer, it must prove the amount of tax the individual actually received or collected, and

the individual's liability is limited to the amount he actually collected. *Parker*, 36 S.W.3d at 618; *N.S. Sportswear, Inc.*, 819 S.W.2d at 232. The State may not rely on a certificate as proof of an individual's liability for a corporation's delinquent tax. This Court has held on more than one occasion that a comptroller's certificate does not constitute more than a scintilla of evidence of the amount of tax an individual actually collected or that an individual is personally liable for a corporation's tax. *Parker*, 36 S.W.3d at 617-18; *N.S. Sportswear*, 819 S.W.2d at 233 ("Proof, by means of the comptroller's certificates, of the full amount of the corporate tax liability is insufficient."). A certificate is similarly no evidence of individual liability under the common law theory of conversion. *N.S. Sportswear*, 819 S.W.2d at 232.[5]

This Court has addressed the quantum of proof necessary to hold an individual liable for a corporation's tax under section 111.016. *See Parker*, 36 S.W.3d at 618; *N.S. Sportswear, Inc.*, 819 S.W.2d at 230. In each case, we held that in an action premised on section 111.016, in addition to liability, the State must affirmatively prove the specific amount of tax actually collected by the individual. We held in each case that a comptroller's certificate does not meet this burden. *Parker*, 36 S.W.3d 617-18; *N.S. Sportswear, Inc.*, 819 S.W.2d at 233. Here, the State introduced the Comptroller's decision in an effort to satisfy its burden of proving liability under section 111.016, and relied on the certificate to prove the amount owed under section 111.016.

---

[5] General tort theory imposes personal liability on a corporate employee for the corporation's torts if he participated in or directed the tortious conduct. *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984); *N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230, 232 (Tex. App.—Austin 1991, no writ). To recover from an individual for corporate tax under a conversion theory, the State must prove that the tax funds were converted and that the corporate employee participated in, directed, had actual knowledge of and ratified the wrongdoing. *See id.*

7

## B. The Comptroller's Decision as Proof

The only evidence that tends to establish Herrera's individual liability for any tax is the Comptroller's decision discussed above. Other than the alleged "admission" reportedly made by Herrera and referred to in the decision, there are no facts establishing Herrera's personal responsibility for the tax delinquency in this record. At the trial in the district court, Herrera objected to the admission of the Comptroller's decision because it was hearsay.[6]

The fact that the State failed to present any evidence of whether Lloyd's Jewelers, Inc. used a cash or accrual basis for reporting its taxes is a strong indication that the State was unable to meet its evidentiary burden of proving the amount of money actually collected by Herrera and not remitted.[7] If a taxpayer uses the accrual method of reporting taxes, it means that a sale is considered to have been made when an invoice issues and the sales taxes thereon is due during the filing period covering the date of the sale, even though the invoice is not paid by the customer during that filing period. *Parker*, 36 S.W.3d at 618 n.1 (Under the accrual method, "[s]ales taxes are due whether or not the actual taxes have been collected by the company."). *Id*. The cash basis of reporting taxes, in contrast, means that sales taxes are collected at the time of sale and due during the filing period covering the date of sale.

---

[6] Herrera's actual statement, which the administrative law judge characterizes as an "admission," is not set forth in the decision. The evidentiary record of the administrative proceeding is not before us. All that is in this record is the statement in the decision that Herrera "admitted" not remitting tax during the last quarter of 1992. It is not clear whether Herrera made the statement at the administrative hearing or elsewhere. However, assuming, without deciding, that the hearsay is admissible, we find that at most it shows only that some amount of tax was withheld during the last quarter of 1992 by Herrera; it does not satisfy the State's burden to show how much tax Herrera actually collected and did not remit.

[7] *See* Tex. Tax Code Ann. § 151.408 (West 1992).

8

Finding of Fact 11 in the Comptroller's decision stated that the State failed to produce any evidence at the administrative level as to whether Lloyd's Jewelers, Inc. "accounted for its receipts on the cash or accrual basis of accounting." There was evidence in the administrative record that "Lloyd's Jewelers, Inc. made both cash sales and sales on charge accounts." The State produced even less evidence at the trial below. To meet its burden, the State would have had to show which accounting and tax reporting method Lloyd's Jewelers, Inc. used in order to establish when the tax was collected and when it was due. *See Parker*, 36 S.W.3d at 617-18. It is unlikely the State could prove how much sales tax Lloyd's collected, much less how much Herrera himself collected, without establishing the business's type of reporting and accounting. *Id.*

## CONCLUSION

For these reasons, we reverse the judgment of the district court and render judgment that the State of Texas, the Cities of San Antonio and Balcones Heights, and the Transit Authority of San Antonio take nothing from Arthur L. Herrera, Jr. or Arthur L. Herrera, Jr. d/b/a Nicole's Diamond Creations.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Rendered

Filed:  February 7, 2002

9

Do Not Publish