# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00604-CV

**Alhaji Isa Adegori Ayeni, Appellant**

**v.**

**The State of Texas; The City of Houston, Texas;
and The Transit Authority of Houston, Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-GV-10-001791, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final summary judgment in a sales tax deficiency case. We will affirm the judgment.

## BACKGROUND

Appellant Ayeni operated a convenience store out of his residence in Houston, Texas. The Comptroller conducted a sales-tax audit of Ayeni's business for the period covering January 1, 2004, through December 31, 2006. Ayeni acknowledges that he "did not keep a good record of his business documents,"[1] and in the absence of such records, the Comptroller resorted to estimating Ayeni's sales and tax liability from records of Ayeni's beer purchases obtained from certain of

---

[1] *Cf.* Tex. Tax Code Ann. § 151.025 (West 2012) (requiring taxpayers to maintain certain records, including records of gross receipts, purchases, sales tax received or collected on each sale); 34 Tex. Admin. Code § 3.281(b) (2012) (Comptroller of Public Accounts, Records Required, Information Required) (2012) (same); *see also Smith v. State*, 418 S.W.2d 893, 895–96 (Tex. Civ. App.—Austin 1967, no writ) (holding that Comptroller may develop system to estimate taxes if taxpayer fails to keep required records).

his vendors and industry sales averages.[2]  Through these calculations, the Comptroller determined that Ayeni owed the appellee taxing authorities[3] approximately $48,000 in unpaid sales taxes for the audit period, penalties, and interest.

After Ayeni failed to pay the determination, the Comptroller issued a certificate of tax delinquency to the Attorney General's office for collection.  The Attorney General subsequently sued Ayeni on appellees' behalf to recover the delinquent sales taxes, penalties, and interest as set forth in the Comptroller's certificate of deficiency, plus attorney's fees.  Ayeni filed a general denial, later amended to a verified denial.  Appellees filed a traditional motion for summary judgment on all of their claims, attaching as evidence the Comptroller's certificate and an affidavit from appellees' counsel averring that they had incurred $7,500 in attorney's fees in the proceeding.  Ayeni filed a response to appellees' motion and a supplement, presenting affidavits from himself and his bookkeeper in which each disputed the accuracy of the Comptroller's tax calculations and underlying estimates of Ayeni's beer sales.  In further support, Ayeni attached numerous receipts that purported to reflect actual beer purchases by Ayeni.  Ayeni also presented an affidavit from his counsel attempting to controvert appellees' attorney's fees affidavit.

---

[2] *See* Tex. Tax Code Ann. § 111.008(a) (West 2008) ("If the comptroller is not satisfied with a tax report or the amount of the tax required to be paid to the state by a person, the comptroller may compute and determine the amount of tax to be paid from information contained in the report or from any other information available to the comptroller."); 34 Tex. Admin. Code § 3.281(c) (allowing Comptroller to, among other things, estimate tax liability based on any available information if taxpayer fails to keep required records); *Alon USA, LP v. State*, 222 S.W.3d 19, 32 (Tex. App.—Austin 2005, pet. denied) (noting that comptroller is expressly authorized to determine taxes on the basis of any information within comptroller's possession if taxpayer fails to keep proper records).

[3] The State of Texas, the City of Houston, Texas, and the Transit Authority of Houston, Texas.

Following a hearing, the district court granted partial summary judgment that Ayeni was liable for the deficiency in the certified amount. However, it denied appellees' motion on their claim for attorney's fees.

Ayeni filed a motion to reconsider the partial summary judgment, attaching additional documents from the Comptroller reflecting the Comptroller's methodology in estimating the sales taxes Ayeni owed. Following a hearing, the district court denied the motion for reconsideration by written order. To ensure "a clear appellate record," the order further specified that the district court had ultimately considered the entirety of the evidence and arguments Ayeni had filed in the case in its summary-judgment ruling.

Subsequently, the district court signed a final judgment incorporating its earlier partial summary judgment and awarding appellees $2,000 in attorney's fees.[4] It is from this final judgment that Ayeni now appeals.

## ANALYSIS

Ayeni seeks reversal of the district court's judgment in four issues that claim error in the summary-judgment ruling. In his first two issues, Ayeni asserts that he presented summary-judgment evidence of his tax liability that controverted the Comptroller's certificate and raised a fact issue that precluded summary judgment for appellees. In his third issue, Ayeni insists that the district court erred or abused its discretion by granting partial summary judgment when appellees had instead sought a final summary judgment. In his fourth issue, Ayeni argues that the Comptroller's certificate of delinquency could not support summary judgment in appellees' favor in the face of Ayeni's verified denial.

---

[4] Although the Hon. Scott H. Jenkins signed the final judgment, the Hon. Tim Sulak made the summary-judgment rulings.

3

**Standard of review**

The standards of review for summary judgments are well established. We review the summary-judgment motion and response, if any, de novo to determine if the competent summary-judgment evidence included with those pleadings shows that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *See Valence*, 164 S.W.3d at 661.

Where, as here, the movant relies on the "traditional" summary-judgment standard, the movant has the initial burden of demonstrating that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Assuming this burden is met, and only if it is, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact as to the movant's claims. *See id*. If the non-movant's evidence raises a fact issue, summary judgment is not appropriate. *See id*.

**Verified denial**

We begin with Ayeni's fourth issue because it logically precedes the others—it amounts to a challenge to whether appellees' summary-judgment proof was sufficient to meet their initial burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See id*. To meet their burden as to Ayeni's sales tax liability, appellees relied solely on the Comptroller's certificate of delinquency. As Ayeni acknowledges, subsection (a) of tax code section 111.013 makes the Comptroller's certificate—

4

. . . prima facie evidence of:

(1)     the stated tax or amount of the tax, after all just and lawful offsets, payments, and credits have been allowed;

(2)     the stated amount of penalties and interest;

(3)     the delinquency of the amounts; and

(4)     the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

Tex. Tax Code Ann. § 111.013(a) (West 2008). Consequently, it is well established that a Comptroller's certificate of delinquency suffices to meet a taxing authority's initial summary-judgment burden in a sales-tax deficiency suit, shifting the burden to the taxpayer to raise a fact issue in order to avoid summary judgment. *See N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230, 232 (Tex. App.—Austin 1991, no writ) ("If unrebutted, [Comptroller's certificates of deficiency] are sufficient to establish, as a matter of law, the amount of tax the taxpayer owes." (citing *Baker v. Bullock*, 529 S.W.2d 279, 281 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.))). But Ayeni argues that his verified denial of appellee's claims served to rebut or join issue with the Comptroller's certificate, such that its prima facie or presumptive validity effectively disappeared, returning appellees to their status quo ante—and leaving appellees lacking in any summary-judgment proof to meet their initial burden. We disagree that Ayeni's verified denial had this effect.

Ayeni emphasizes subsection (b) of tax code section 111.013, which states:

The defendant may not deny a claim for taxes, penalties, or interest unless the defendant timely files a sworn written denial that specifically identifies the taxes, penalties, and interest the defendant asserts are not due and the amounts of tax, penalties, and interest that are not due.

5

Tex. Tax Code Ann. § 111.013(b). Ayeni suggests that subsection (b), read together with subsection (a)'s provisions describing the prima facie effect of the Comptroller's certificate, means that the filing of a verified denial under subsection (b) rebuts or negates the prime facie effect of a Comptroller's certificate under subsection (a), much like a verified denial in a suit on sworn account. *See* Tex. R. Civ. P. 185; *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex. 1979) ("It is settled . . . that a defendant's verified denial of the correctness of a plaintiff's sworn account in the form required by Rule 185 destroys the evidentiary effect of the itemized account attached to the petition and forces the plaintiff to put on proof of his claim."). However, unlike the rules governing suits on sworn accounts, nothing in section 111.013 says that subsection (b)'s verified denial has any impact on the operation and effect of subsection (a)'s Comptroller's certificate. *Cf.* Tex. R. Civ. P. 185 (providing affidavit on sworn account is "prima facie evidence [of the account], unless the party resisting such claim shall file a written denial, under oath"). Nor can Ayeni point to any Texas court that has said it does.

Neither subsection (a) or (b) references the other, and we can only conclude that both provisions must be given the effect the Legislature prescribes within each. Subsection (b) is in the nature of a pleading requirement with which defendants in sales-tax deficiency cases must comply in order to join issue with the taxing authority's petition; otherwise, the taxpayer loses by default. *See Noorani Gas & Convenience, Inc. v. State*, No. 03-06-00463-CV, 2008 WL 1827605, at *5 (Tex. App.—Austin Apr. 24, 2008, no pet) (mem. op.). In contrast, subsection (a) speaks to the evidence on which the taxing authority may rely to meet its burden of proof if and when its pleadings are placed at issue by a verified denial. And the Legislature in subsection (a) has made Comptroller's certificates of deficiency prima facie evidence without preconditions. *See* Tex. Tax Code Ann. § 111.013(a). Accordingly, Ayeni's verified denial does not affect the prima facie

evidentiary nature of the Comptroller's certificate of deficiency in this case. We overrule Ayeni's fourth issue on appeal.

**Controverting proof**

Because appellees attached the Comptroller's certificate of deficiency to their summary-judgment motion and it is sufficient to meet their initial summary-judgment burden, the burden shifted to Ayeni to raise a question of fact as to the amount of taxes, penalties, and interest he owed for the audit period at issue or as to the Comptroller's compliance with the applicable provisions of the tax code in computing and determining the amount due. *See id.*; *N.S. Sportswear, Inc.*, 819 S.W.2d at 232. Appellees have urged that Ayeni had to do more than present the legally sufficient contrary evidence that is ordinarily required on summary judgment. In their view, Ayeni was required to adduce *conclusive* contrary evidence—i.e., prove as a matter of law that he did not owe the amount the Comptroller certified—in order to preclude summary judgment based on the certification. In his second issue, Ayeni disputes appellees' view of his summary-judgment burden, urging that he was required to present only summary-judgment evidence sufficient to raise a genuine issue of material fact regarding his tax liability, not conclusive evidence. In his first issue, Ayeni argues that his summary-judgment proof is sufficient to raise a fact issue and even rises to the level of conclusive contrary evidence.

We need not address Ayeni's second issue because we conclude that he has not presented competent evidence sufficient to raise a fact issue even under the customary summary-judgment burdens. In an attempt to raise a fact issue, Ayeni submitted his and his bookkeeper's affidavits, sales-tax returns for 2005, 2006, 2007, 2008, 2009, and the first quarter of 2010, and various receipts from beer vendors dated between 2004 and 2006. Ayeni's affidavit stated that he

7

did not owe the taxes, penalties, and interest claimed by the Comptroller because those amounts were "based on incorrect taxable sale amounts." He then averred that the correct taxable sale amounts were set forth in the sales-tax returns attached to his summary-judgment response. Finally, Ayeni stated in his affidavit that the Comptroller incorrectly estimated his beer sales for the audit period and that his records showed that he made gross beer purchases of $8,827.11 in 2004, $5,681.99 in 2005, and $6,622.02 in 2006.

Similarly, Ayeni's bookkeeper testified in his affidavit that Ayeni did not owe the amounts established by the Comptroller's certificate of deficiency because those amounts were based on incorrect taxable sale amounts. The correct amount of taxes owed, the bookkeeper averred, were set forth in the attached sales-tax returns and vendor receipts, which returns the bookkeeper prepared in the regular course of Ayeni's business. Finally, Ayeni's bookkeeper reiterated Ayeni's contentions regarding the gross purchases of beer made by Ayeni in 2004, 2005, and 2006.

The affidavit testimony that the Comptroller's amounts are incorrect and that Ayeni's amounts are correct are bare conclusions unsupported by facts. These statements are thus incompetent summary-judgment evidence. To be competent summary-judgment evidence, an affidavit must contain specific factual bases, admissible in evidence, upon which its conclusions are based. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see* Tex. R. Civ. P. 166a(f) (affidavits "shall set forth such facts as would be admissible in evidence"). The same is true of affidavit assertions that the Comptroller's estimates of his beer sales are incorrect: Although Ayeni does offer that "his records showed" that he made gross beer purchases of $8,827.11 in 2004, $5,681.99 in 2005, and $6,622.02 in 2006" and he includes some of those purchase receipts, he does not assert that those were his ***total*** purchases of taxable items during that period or state with any specificity how the Comptroller's numbers were incorrect. More important, Ayeni's affidavits do

8

not state what Ayeni's total sales amounts were for the period at issue, which amounts are, by statute, the basis for determining sales tax owed. *See* Tex. Tax Code Ann. § 151.051 (West 2008) (imposing sales tax based on a percentage of sale price). To that extent, even if the affidavits were competent summary-judgment evidence, they do not raise a question of fact as to the correct amount of sales taxes owed. Accordingly, summary judgment in favor of the appellees was proper. We overrule Ayeni's first issue.

**Partial summary judgment**

In his third issue, Ayeni contends that the district court had no authority to grant a partial summary judgment because the Comptroller did not seek alternative or partial relief in its summary-judgment motion. But rule 166a explicitly permits a trial court to grant a partial summary judgment:

> **Case not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

Tex. R. Civ. P. 166a(e). Here, the Comptroller sought summary judgment on two claims—a claim seeking delinquent sales taxes owed and a claim for attorney's fees—but the district court determined that the Comptroller met its summary-judgment burden only as to its claim for sales taxes owed and not as to its claim for attorney's fees. Accordingly, under rule 166a, it was appropriate for the district court to grant a partial summary judgment on the claim for sales tax owed and deny the Comptroller's motion as to attorney's fees. *See Pinnacle Anesthesia Consultants, P.A. v. Fisher*, 309 S.W.3d 93, 100 (Tex. App.—Dallas 2009, pet. denied) ("If a case is not fully

9

adjudicated on a motion for summary judgment, the trial court is authorized to render partial summary judgment, making 'an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just'") quoting Tex. R. Civ. P. 166a(e))).

Ayeni also suggests that the district court improperly granted partial summary judgment on no-evidence grounds. But there is nothing in the district court's order suggesting that the "partial" aspect of the summary judgment was a reference to the traditional versus no-evidence standard, as opposed to the claims being addressed.

Accordingly, we overrule Ayeni's third issue on appeal.

## CONCLUSION

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson;
   Justice Henson Not Participating
   Concurring Opinion by Justice Pemberton

Affirmed

Filed: February 20, 2013